## SNOW v. LUCIER & CO.

The plaintiff's assent to an arrangement whereby the defendant, in con-▓▓▓▓▓▓ property received from L., assumed the payment of L.'s ▓▓▓▓ to the plaintiff, is evidence of the plaintiff's discharge of ▓▓▓ance of the defendant as debtor in his stead.

A▓▓▓▓IT, on the common counts for goods sold, and a special count on a novation. The plaintiff's evidence tended to show that the goods were purchased by the defendant Lucier, with whom C., the other defendant, afterwards formed the partnership of Lucier & Co. The firm having become the owners of Lucier's stock in trade, and notes and accounts, undertook to pay his debts, and so informed the plaintiff, who assented to the arrangement. Motion for nonsuit denied, and verdict for the plaintiff.

*French* and *Burns*, for the defendants.

In order that the plaintiff may maintain his action against the defendants, who are not the original contracting debtor, he must show that the original claim against Lucier was utterly discharged and removed from any possible enforcement against him before this suit was brought as the consideration of the liability set up in this suit, and so discharged at the request of the defendants, made at the time of their assuming the obligation set up in this suit.

*Lang* v. *Henry*, 54 N. H. 64; Bouv. Dict., "Novation;" *Warren* v. *Batchelder*, 15 N. H. 129; *Heaton* v. *Angier*, 7 N. H. 397; *Butterfield* v. *Hartshorn*, 7 N. H. 348; *Head* v. *Richardson*, 16 N. H. 454; *Cuxon* v. *Chadley*, 3 B. & C. 591; *Wharton* v. *Walker*, 4 B. & C. 163; 1 Pars. Con. 217; Met. Con. 208; Chitty Con. 1371, 1372, n. (b) 1373, n. (f) 1379; Pothier Con. 3, Art. 3, c. 2, s. 1; *Gill* v. *Herrick*, 111 Mass. 501.

The evidence of discharge must be by words or acts passing between the creditor, original debtor, and present debtor, indicating unequivocally an intention on the part of the creditor immediately and thenceforward to abandon his demand, and an assent thereto on the part of the original debtor; it must be such evidence as would be sufficient to prove an accord and satisfaction of the old debt, and the evidence offered was insufficient. Throop Verbal Agreements, ss. 328, 339, 346, 352, 356; Chitty Con. 1,372, n. (c), 1,378, n. (o); Met. Con. 208; 2 Pars. Con. 8; Wharton Evid., s. 881; *Wood* v. *Corcoran*, 1 Allen 405; *Grover* v. *Sims*, 5 Blackf. (Ind.) 498; *French* v. *French*, 2 Man. & G. 644; *Corbett* v. *Cochran*, 3 Hill (S. C.) 41; *Stone* v. *Symmes*, 18 Pick. 467; *Richardson* v. *Williams*, 49 Me. 558; *Ellison* v. *Wisehart*, 29 Ind. 32; *Waggoner* v. *Gray*, 2 H. & M. (Va.) 603; *Draughan* v. *Bunting*, 9 Ired. (N. C.) 10; *Cuxon* v. *Chadley*, 3 B. & C. 591; *Wharton* v. *Walker*, 4 B. & C. 163; *Warren* v. *Batchelder*, 15 N. H. 135; *Ranlett* v. *Moore*, 21 N. H. 336; *Jaffrey* v. *Cornish*, 10 N. H. 509; *Woodward* v. *Miles*, 24 N. H. 289; *Gilman* v. *Noyes*, 57 N. H. 627; *Sternburg* v. *Callanan*, 14 Iowa 251; *Tobey* v. *Barber*, 5 Johns. 72; *Schemerhorn* v. *Loines*, 7 Johns. 313; *Johnson* v. *Weed*, 9 Johns. 310; *Thompson* v. *Percival*, 5 B. & Ad. 925; *Arnold* v. *Lyman*, 17 Mass. 400; *Manley* v. *Geagan*, 105 Mass. 445; *Ames* v. *Foster*, 106 Mass. 400; *Dow* v. *Clark*, 7 Gray 198; *Thomas* v. *Shillibeer*, 1 Mees. & W. 124; *Moor* v. *Hill*, 2 Peake 10; *Maxwell* v. *Jameson*, 2 B. & Ald. 55; *Short* v. *New Orleans*, 4 La. An. 281; *McKinney* v. *Alvis*, 14 Ill. 33; *Browning* v. *Stallard*, 5 Taunt. 450.

*Bailey* and *Cutter*, for the plaintiff.

BINGHAM, J. There was evidence on which the jury might find, in the understanding of the parties, such an extinguishment of debts and substitution of the defendants as debtors in the place of Lucier as would overcome the objection now made by the defendants.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.